CAEEDONIA,
March,
1838.

DAVID FULLER v. WALTER WRIGHT.

Where objections in the county court, to the report of referees, are for matters not appearing on the report, the facts, on which the objections are founded, are supported by affidavit, and the judgment of the county court thereon cannot be re-examined in the supreme court.

*Aliter*, when the objections are for matters appearing on the face of the report.

Referees must award on all matters, within the submission, brought to their notice.

Where an action is brought for maintaining, keeping up and continuing a dam, and special damages, in several particulars, are alleged,—if the referees find for the defendant, as to the *cause of action*, it is unnecessary, in their report, to notice the special damages.

It is not an objection, sufficient to set aside the report of referees, that they awarded and taxed the cost of the reference, but such taxation may be revised by the clerk or by the court.

This court will not sustain a petition for a new trial, founded on the disclosure of facts, which should have been presented to the county court, as a reason for rejecting the report of referees.

THIS was an action on the case, for flowing plaintiff's land. The writ was dated the 22d of November, 1836, and the declaration, after describing the land, as lying on Passumpsic river, stated that "the defendant, intending, &c., hath ever "since the 10th of November, 1832, maintained and kept "up and continued a mill dam across said river, below said "land, and, by means thereof, caused the waters of said "river to overflow, &c.,"—This suit "and all injuries the "plaintiff had sustained by said water overflowing his lands, "from the date of his deed to the commencement of this "action, by reason of said dam," were referred by agreement of parties, and by rule of court, to the determination of Benjamin Conner, Benjamin Walker and Elias Bemiss. The deed mentioned in said reference, was dated the 8th of October, 1832.

The referees awarded, "that the defendant was not guil- "ty of maintaining, keeping or continuing a mill dam, there- "by overflowing the plaintiff's land, in manner and form as "the plaintiff in the said cause mentioned, in the above "rule, hath, in his declaration, alleged against the defen- "dant, that the plaintiff take nothing by his writ and "declaration in this cause, and that the defendant go "thereof without day ;—and, further, that the defendant re- "cover against the plaintiff his costs and charges, which he

" has sustained about his defence of the suit in said court, " together with the costs of this reference, taxed and allow- " ed by us at $20,36, as in the bill annexed."

The " bill annexed," contained, among others, the follow- ing items, to wit :—

" Referees' fees,    $15,00,
" Making report,      3,00."

The plaintiff filed exceptions to said report, in the county court, on the following grounds, to wit ;—

1. That the plaintiff introduced testimony before the referees tending to prove special damages, between the date of the deed to him, and the 10th November, 1832, a period embraced in the rule of reference, but not in his declaration, about which special damages the referees made no report :— and,

2. That the referees awarded their own fees against the plaintiff.

The county court accepted the report, and rendered judgment thereon for the defendant,—to which the plaintiff excepted.

The plaintiff also preferred a petition to this court, for a new trial, upon the same ground, substantially, as that set forth in his first exception to the report of the referees.

*N. Baylies* and *G. C. Cahoon,* for the plaintiff, cited the following authorities, viz.—

1 Chit. Pl. 389.   7 East. 81.   2 Bing. R. 199.   15 East. 213.   Cro. Eliz. 838.   16 Fast, 58.   Willes, 268.   Watson, on Arb. and Aw. 115.   1 Saund. R. 32, n. 1.   8 East, 445.   2 Chit. R. 394.   Watson, on arb. & aw. 36.   Id. 78,-9.   *Johns* v. *Stevens et al.* 3 Vt. R. 308.

*E. Paddock.* for defendant, insisted that, as the report of the referees had negatived the existence of the *cause* of the alleged damages, the plaintiff's claim could have no existence.

As to the second exception, he contended that, if the referees erred in awarding their own fees, the award was void in that particular only ;—and cited Kyd on awards, 244,-5.

The opinion of the Court was delivered by

WILLIAMS, C. J.—This action was commenced in the county court and was by a rule of that court referred.   The

referees made a report which was accepted, and the question before us is, whether the county court erred in accepting the report and rendering judgment thereon, and, unless the error is upon a question of law apparent on the record, the judgment by them rendered must be affirmed.

Objections to a report of referees may be founded on matters intrinsick, appearing on the record or in the report, as that the award was not in pursuance of the rule, or that the referees, intending to follow the law, mistook it and came to a wrong result &c., in which case this court can revise and correct the error of the county court, if any has intervened in accepting the report.

Objections may also be made to a report founded on matters extrinsick, which, not appearing on the face of the report, must be proved to the court. In such cases, the county court usually exercise a discretionary power in accepting or rejecting a report and their proceedings cannot be here revised on exceptions. Hence affidavits or testimony, which may be exhibited to the county court as a ground for them to exercise a discretionary power, cannot, in reports of referees, any more than in reports of auditors, be noticed by this court, in examining the proceedings of the county court.

Having nothing to do with any facts except those appearing of record, our duty is very plain when we are called on to re-examine the judgment of the county court in accepting a report of referees.

The principles of law which have been contended for by the counsel for the plaintiff, are, in the main, correct. It is undoubtedly true, that an arbitrator or referee must award on all matters submitted, if they are within the terms of the submission, and a neglect so to do will render the award void.

It is also true, that when the submission or rule is general, as of all matters in controversy, the award must be on all controversies brought to the notice of the arbitrator. If any controversies exist, not brought to the notice of the arbitrator, the award will be good so far as it respects the controversies submitted to his consideration.

If in this case the referees omitted to award on any controversy brought to their notice, it would have been a sufficient reason for rejecting their report.

There were two ways of presenting this subject to the consideration of the county court, whose province it was to accept or reject the report.

1st. By having the referees state in the report what matters were urged before them or brought to their notice by the parties, and if the report had not embraced all the matters thus urged and noticed, the objection would have appeared on the face of the report, and the judgment of the county court thereon would have been re-examined here.

2d. If the referees had refused to state this in their report, the parties might nevertheless, in objection to the report, prove to the satisfaction of the county court that the referees had thus omitted to report and refused to state the fact and the court would, in such a case, have rejected the report; but, if the proof was not satisfactory to the county court, their determination thereon would be conclusive and we could not examine and adjudge on the sufficiency of the testimony for that purpose.

This view of the case is enough to determine the question before us. It does not appear on the record that any subjects within the rule were brought to the notice of the referees and not reported on by them.

But perhaps it may be expedient to examine a little further, and inquire, whether there are any solid objections to the report, arising from the facts stated in the objections, filed to the same in the county court, or in the petition for a new trial.

The gist of the action is, for maintaining, keeping up and continuing a dam, from the 10th of November, 1832, to the time of commencing the action, and thereby overflowing and drowning the plaintiff's land. The rule embraces *all* the damages which the plaintiff had sustained, by the water overflowing his land, from the date of his deed to the commencement of the action. This rule undoubtedly comprehends other special damages, which could not be inquired into under the original declaration, and also the damages arising from keeping up the dam, if any, from the date of the plaintiff's deed, to wit, the 8th of Oct. 1832, to the 10th Nov. 1832. And the plaintiff contends that he proved before the referees or offered evidence to prove other special dama-

ges not mentioned in his declaration, but set forth in the petition. The referees have, however, found against the plaintiff, as it respects the cause of these damages. The report is very explicit, that the defendant is not guilty of maintaining, keeping or continuing a mill dam, thereby overflowing the plaintiff's land, and, of course, the plaintiff could not have sustained any of the special damages complained of, in consequence of any act of the defendant. We do not understand that any of the special damages, or any injury, in particular, was experienced from the defendant's dam, between the 8th of October and the 10th of November, 1832, more than at any subsequent period.

We understand, moreover, the report itself as embracing every thing contained in the rule. It is somewhat awkwardly expressed, but it refers to the rule, as well as to the declaration, and finds the defendant not guilty, in manner and form as the plaintiff hath alleged, in the cause mentioned in the rule as well as in the declaration, of either maintaining, keeping or continuing the dam, and thereby overflowing the plaintiff's land. And if the plaintiff's land was not overflowed in consequence of the defendant's dam, he could have sustained none of the injuries, of which he complains.

It is also objected to the report, that the referees have awarded their own fees. On this subject, it is sufficient to remark, that it can be no reason for setting aside the report. If their fees, or the cost before them, are too much, the county court would not be bound by their adjudication, but would allow them such sum as was proper. It is not unusual to refer the subject of arbitrators' fees, to a prothonotary or clerk, to be re-taxed.

Of the petition for a new trial, it is sufficient to remark, that the merits of it have been considered in the remarks already made. The reasons, set forth in the petition, should have been addressed to the county court, on the question of accepting the report of the referees. The jurisdiction of this court, on petitions for new trial, is confined, by the statute, to cases *tried* by the county court, and, hence, a petition to set aside a default, cannot be presented to this court, as was determined in the case of *Scott* v. *Stewart*, 5 Vt. R. 57, and on this circuit in the case of *Hyde* v. *Haskell*, (*ante*

427.) When the report of referees is accepted by the county court, no new trial can be granted by this court on petition. The merits of this petition have, however, been decided by the view above taken, on the question of accepting the report.

The judgment of the county court is, therefore, affirmed, and the petition for a new trial must be dismissed with cost.