### EDWARD S. WEEKS *v.* ASA T. BARRON.

*New Trial. Evidence.*

If a verdict can be supported upon any rational view of the evidence, it should stand. To warrant the setting aside a verdict, it should appear to be manifestly and palpably wrong.

It is peculiarly within the province of a jury as judges of the fact on trial of a case, to consider the appearance and credibility of witnesses, to make presumptions, and to draw inferences from testimony.

The plaintiff testified that he had made a personal demand of the defendant for a chair which the plaintiff had lent to B., and which was the chair sued for, and that the defendant had admitted to him that the chair was in his possession, but refused to deliver it up, claiming that he had a lien upon it for a claim for board which he had against B. The defendant denied this. The plaintiff in reply offered to show by his attorney that he, the attorney, before suit, wrote to the defendant requesting the return of the chair and inquiring the amount of B.'s bill, and that in reply he received a letter stating the amount of the bill, written by the defendant's clerk and signed by the defendant by his clerk. The defendant objected to this evidence as immaterial. *Held,* that this objection being overruled it was then too late for the defendant to object to the admission of the letter on other grounds.

*Held,* that the testimony and letter must be regarded as offered together as a single proposition, and was material.

The plaintiff showed by W., without objection of the defendant, that prior to the plaintiff's demand of the chair, he, W., at the plaintiff's request, went to the defendant's hotel for this chair, and that while there, but in the absence of the defendant, asked the defendant's clerk, being the same who wrote the letter, if the chair was there, and the clerk replied that it was. *Held,* that the declarations of the clerk were admissible evidence tending to show that the chair was in the possession of the defendant when W. called for it.

TROVER for one "barber's chair." Plea, the general issue and trial by jury, April Term, 1865, PIERPOINT, J., presiding.

On trial the plaintiff claimed, and gave evidence tending to show that in October, 1863, he lent a barber's chair, belonging to him, to one Eugene Le Barron, a Frenchman, who shortly afterwards left the state, and that it had never been returned to him, nor had he been paid for it; that about a year previous to the trial, the plaintiff having heard that the chair was in the possession of the defendant in his hotel at White River Junction, went there and demanded the chair of the defendant, who refused to deliver it to him, claiming he had a lien upon it for a claim he had against Barron.

The defendant denied that he had ever had the plaintiff's chair, or claimed a lien upon it, or ever knew anything about it, and intro-

duced evidence tending to show this. He also claimed, and his own and other evidence tended to show, that when the plaintiff called upon him for the chair at White River Junction, he told the plaintiff that he, the defendant, knew nothing about any chair of the plaintiff's, but, if he had a chair there at the defendant's, to go and get it.

The plaintiff in reply offered to show by the testimony of Henry Ballard, that prior to the commencement of this suit, and after the witness had been retained as counsel for the plaintiff in this matter, he having heard that the chair was in the possession of the defendant, and was claimed by him as security for a board bill owing from Le Barron to the defendant, at the request of the plaintiff, wrote to the defendant respecting the chair, and requesting its return, inquiring the amount of Le Barron's said bill, and that in reply, he, Ballard, received the letter, marked "A." which reads as follows:

W. R. JUNCTION.

Mr. BALLARD,

Dear Sir :—Mr. Barron's board bill is 34 dollars.

Yours &c.,

A. T. BARRON,

per W. H. ANDROSS.

To this evidence the defendant objected on the ground that it was immaterial, but the court overruled the objection and admitted the evidence, to which the defendant excepted. The witness Ballard testified substantially in accordance with the plaintiff's offer.

No evidence was given to show the loss or destruction of said letter from Ballard to the defendant, except that the defendant had testified that he never received or saw said letter, or heard of it and knew nothing about it, and it was not claimed that any notice to produce the same had been given to the defendant. The defendant objected to the introduction of the letter "A," 1st, on the ground that the letter to which it was a reply, namely, the letter from Ballard to the defendant, should be produced or its absence accounted for ; and, 2d, on the ground that the person who wrote the letter marked "A" had no authority to bind the defendant by writing the same.

It appeared by the testimony of the defendant, uncontradicted, that the letter marked "A" was written by a clerk employed by the

defendant in his hotel, and who usually opened and sometimes answered his, the defendant's letters, and who performed generally the duties of a clerk in a hotel and had a general supervision and charge of the business at the hotel. It did not appear that said clerk had any special authority to write this particular letter. The court admitted the letter and permitted the same to be read to the jury, to which the defendant excepted.

The plaintiff offered to and did show by one Wires, without the objection of the defendant, that a few days prior to the demand of the chair by the plaintiff, as above stated, he, Wires, at the plaintiff's request, went to the defendant's hotel, at White River Junction, for this chair, and that while there, but in the absence of the defendant, he, Wires, asked the defendant's clerk, being the same who wrote the letter, if said chair was there at the defendant's hotel, and the clerk replied that it was.

The defendant requested the court to charge the jury that the declarations of said clerk to Wires as to the chair being in the possession of the defendant, were not evidence against the defendant to show that fact.

But the court refused so to charge, and did charge the jury that what the clerk said to Wires in this respect was evidence in the case tending to show that said chair was in the possession of the defendant at that time. In other respects the charge was satisfactory, and was such as the case called for. The jury returned a verdict for the plaintiff.

To the admission of the evidence as above detailed, to the refusal to charge as requested and to the charge as given in reference to the point herein referred to, the defendant excepted.

*Jeremiah French*, for the defendant.

*H. Ballard*, for the plaintiff.

The opinion of the court was delivered by

KELLOGG, J. This case has been heard on the defendant's petition for a new trial, and also on his exceptions taken on the trial in the county court. The cause assigned in the petition is that the verdict was against the weight of the evidence. The points which were controverted on the trial were, (1,) whether the chair which was the subject of the action was in the defendant's possession when

it was demanded of him by the plaintiff or his agent, and (2,) whether the defendant, on such demand, refused to deliver it up. On both points there was conflicting testimony, from which it was for the jury to draw their own conclusions. The jury saw and heard the witnesses, and observed their appearance and manner in testifying, and had a much more favorable opportunity to judge of the credit and weight which should be given to the testimony of witnesses than persons who were not present at the trial. If the verdict can be supported upon any rational view of the evidence, it should stand; and it never has been considered as a sufficient ground for a new trial that the verdict is merely against a preponderance of the testimony, or that the court from a consideration and examination of the testimony might have arrived at a different result. To warrant the setting aside of a verdict, it should appear to be manifestly and palpably wrong. It was well said by TINDAL, Ch. J., in *Mellin* v. *Taylor*, 3 Bingh. N. C. 109, that " the general rule, under such circumstances, is that the verdict, once found, shall stand; the setting it aside is the exception, and ought to be an exception of rare and singular occurrence." On the trial, the jury were called on to consider the appearance and credibility of witnesses, to make presumptions, and to draw inferences from testimony, and on all these points there might be a reasonable difference of opinion, and these matters were such as were peculiarly within the province of the jury as judges of the fact. 1 Graham & Waterman on New Trials, 380, *et seq.;* 3 *ib.* 1239, *et seq.; Wendell* v. *Safford, Exec'r,* 12 N. H. 171; *Bulkley* v. *Waterman,* 13 Conn. 327; *Clark* v. *Whitaker et al.,* 19 Conn. 319. Applying these principles to the evidence in the case, we do not think that this verdict should be disturbed as being against evidence or the weight of evidence. The petition for a new trial is accordingly dismissed with costs.

The first point made on the defendant's exceptions relates to the materiality of the testimony of Ballard. That testimony was offered to establish a basis for the introduction of the letter marked A., as evidence; and, apart from its connection with that letter, would be clearly irrelevant. We think that the fair interpretation of the bill of exceptions is that the testimony and the letter were

offered by the plaintiff in connection with each other, and as a single proposition ; and the question which would arise upon the bill of exceptions thus interpreted is, whether the testimony thus connected is material. The plaintiff had testified that he had made a personal demand of the defendant for the chair, and that the defendant had admitted to him that the chair was in his possession, but refused to deliver it up, claiming that he had a lien upon it for a claim which he had against Le Barron. The defendant denied this, and the plaintiff then offered the testimony of Ballard, who was his attorney, and this letter, which was received by Ballard in reply to one which he had addressed and sent to the defendant. This reply to the letter addressed by Ballard to the defendant, though written by the defendant's clerk, was written in the name of the defendant. The evidence was material as bearing upon the issue of fact, made on the testimony, in respect to the alleged claim of a lien upon the chair made by the defendant; for the reply, in connection with the testimony of Ballard, had a tendency to corroborate the testimony which the plaintiff had given, or to show that the defendant had a claim against Le Barron, for the security of which the chair was detained. We therefore regard the testimony as being material. It might fairly have been argued that the defendant received Ballard's letter, and directed the reply which was made by the clerk, notwithstanding the denial of the defendant that he ever received or saw Ballard's letter. The only objection made by the defendant to the reception of the testimony being an objection that the testimony was not material, the defendant should be treated as having waived all other objections to it, and, after this objection was overruled, it was then too late for him to object to the admission of the letter on other grounds. It is not necessary to put the admissibility of the letter on the authority of the clerk to bind the defendant. It is sufficient for that purpose that it was in answer to a letter addressed to the defendant, and that the other testimony in the case furnished ground for an argument that the letter, although written by a clerk in the defendant's employment, was in fact the act of the defendant, and directed by him.

The defendant excepted to the charge of the court that the testimony of Wires was evidence tending to show that the chair was in

possession of the defendant at the time of the conversation between Wires and the defendant's clerk. Wires testified, without objection from the defendant, that a few days prior to the demand of the chair by the plaintiff, he, at the plaintiff's request, went to the defendant's hotel for this chair, and that while there, but in the absence of the defendant, he, Wires, asked the defendant's clerk, who had the general supervision and charge of the hotel, if the chair was there, at the defendant's hotel, and the clerk replied that it was. The inquiry made by Wires of the clerk was one in respect to which the clerk had the means of knowledge from his employment in and connection with, the defendant's business, in which he was then engaged; and when the reply of the clerk was called for, on the examination of Wires as a witness, and was received without objection on the part of the defendant, it was, as we think, too late to claim that the declarations of the clerk should not be treated as evidence bearing upon the issue on trial. The testimony of Wires related wholly to the declarations of the clerk, and it was too late for the defendant to claim that no effect should be given to those declarations, after the testimony was put in, and when he found that they were of a different character from what he had anticipated. The declarations were offered as the declarations of the defendant's clerk, acting as the agent of the defendant, and in the course and scope of the business entrusted to him by the defendant. The answer, having been received without objection, became legitimate evidence; and, as a declaration in respect to a matter in regard to which the clerk had full means of knowledge, it had a tendency to show that the chair was at the defendant's hotel when Wires called for it. We think that the instructions to the jury in respect to the tendency of these declarations were proper.

Judgment of the county court for the plaintiff affirmed.