# EPHRAIM THAYER *v.* CENTRAL VERMONT RAIL-ROAD CO.

## *Practice. Reference. New Trial.*

1. A motion made in the County Court to re-commit a referee's report on the ground that he erred in finding facts, is addressed to the discretion of the court; and its decision thereon is not revisable, where the case shows that the referee had some evidence properly before him to sustain his findings.

2. If the finding of the fact by the trier can be supported upon any rational view of the evidence it should stand; and a new trial will never be granted, on the ground that the finding is merely against a preponderance of evidence; or on cumulative evidence, which would not be likely to make a substantial change in the results, and where no sufficient reason is assigned for its non-production at the first trial.

ASSUMPSIT. Heard on report of referees at December Term of Orange County Court, 1885, ROWELL, J., presiding. Motion to re-commit overruled and judgment on the report for the plaintiffs to recover $2942.58 as damages and costs. Exceptions by the plaintiff. The motion to re-commit was on the ground "that the report finds as facts matters that are inconsistent with each other, in this; that they find that Luke Tarbell had no other interest or rights in said 419 cords of wood than that given him in the bond from the plaintiffs; and they find that Luke Tarbell with the knowledge and consent of Ephraim Thayer sold 419 cords of wood to Daniel Tarbell;" and also as stated in the opinion, that the referees erred in disallowing the plaintiff's charge for 419 cords of wood. The referee found that it appeared that in July, 1882, the parties

to this suit entered into a verbal contract by which the plaintiff agreed to deliver to the defendant all the wood that he could, but no definite amount was determined upon and defendant was to pay as much as it paid anyone.

It was also found that the plaintiff under this contract delivered many cords of wood, and as to the wood in contention substantially as follows : " Said plaintiff had a quantity of wood in the Roxbury Lumber Company's mill yard in June, 1883, amounting to 419 cords. And we further find that Luke Tarbell sold and delivered said lot of wood on board the cars to Daniel Tarbell and removed by said Daniel Tarbell to the sheds in Randolph and So. Royalton, and by said Daniel sold to the defendant. And we also find from testimony of said plaintiff and Luke Tarbell and a bond and contract from said plaintiff to said Luke Tarbell (a copy of which is hereto attached) that said Luke Tarbell had an interest in said wood and its sale. * * * That the Roxbury Lumber Company mill yard was owned by D. Tarbell and was leased by him to this defendant. That the 419 cords of wood were delivered into said yard under said contract of July, 1882, and when so delivered said lease was in force, and defendant in possession under said lease. That Luke Tarbell had no other interest or right in said 419 cords than that given him in the bond from said plaintiff to said Luke Tarbell; that the title to the land on which all of said wood grew was in the plaintiff.

The 419 cords were measured for said Daniel Tarbell, August 13, 1883, and on settlement between Daniel Tarbell and the defendant, November 17, 1883, and was adjusted on their settlement aforesaid. Plaintiff gave notice to. defendant that the wood was his November 1, 1883.

At defendant's request we further find :

That Luke Tarbell, with the knowledge and consent of Ephraim Thayer, sold to Daniel Tarbell the wood piled in the sheds at Randolph and Royalton as aforesaid, and that Thayer, knowing of such sale and knowing of Luke Tarbell's adjustment thereof, as indicated by schedule C, did not object or

dissent therefrom, November 1, 1883, but took and retained exhibit C and still retains it."

The contract attached to the referee's report was dated December 18, 1880, and signed by the plaintiff and Luke Tarbell.

By this contract the plaintiff agreed to pay said Luke $300 for each 100 cords of wood he should cut on the plaintiff's farm and deliver on to the railroad; and the defendant agreed: " And I, the said Luke Tarbell, do hereby agree to move. on to the farm and take charge thereof without pay from said Thayer, and whatever wood I manufacture from said farm is to be and remain the property of the said Thayer until he shall make conveyance of the said farm to me according to his bond to me of this date. And I hereby agree that I will not sell or otherwise dispose of any wood so by me manufactured as aforesaid."

*S. C. Shurtleff, George M. Fisk* and *J. D. Dennison*, for the plaintiff.

The finding of the referees as to what the contract was, is conclusive. But the report shows that the referees allowed what they thought the wood was worth. For this reason the report should be set aside. The finding of the referees are contradictory and in such case the report should be set aside. *Briggs* v. *Georgia*, 12 Vt. 60. As to new trial, see *Walden* v. *Clark*, 50 Vt. 383.

*Lamb & Tarbell* and *J. J. Wilson*, for the defendant.

If the report was wrong it should have been attacked in court below by exceptions. The plaintiff waived all objections to the report through failure to file exceptions. *Fuller* v. *Wright*, 10 Vt. 512.

The opinion of the court was delivered by

TYLER, J. This is an action of assumpsit brought to recover for a quantity of wood. Trial by referees under a rule of court and report made to the June Term, 1885, of the Orange

County Court. At the December Term the plaintiff filed a motion to re-commit, claiming that the referees erred in disallowing his charge for 419 cords of wood which he sought to recover, they having found that the wood had been sold by one Luke Tarbell to Daniel Tarbell with the knowledge and consent of the plaintiff, and that Daniel Tarbell had sold the same to the defendant; also claiming that the findings of fact on this point were inconsistent with each other and against the evidence. The motion was supported by affidavits and by transcripts of the testimony taken at the trial. The court overruled the motion to re-commit, accepted the report and rendered judgment thereon for the plaintiff for a less sum than was claimed by him, to which judgment he excepted.

The motion to recommit was addressed wholly to the discretion of the court below upon the evidence therewith submitted. No question of law is raised upon the decision of that court, apparent upon the record, which is revisable here. Exceptions to the report, if founded on matter intrinsic, might have raised a question of law, which, if the court below decided erroneously, could have been revised and corrected in this court. If the matter were extrinsic, not appearing on the face of the report, it must have been shown to the court below by proper evidence. *Fuller* v. *Wright*, 10 Vt. 512. The County Court exercises a discretionary, unrevisable power, where the case shows the referee had some evidence properly before him to sustain his finding, as the parties, by agreeing to refer the case to him, make him the trier of the facts and leave it to him to determine the weight that should be given to the testimony. The judgment of the County Court on the exceptions is therefore affirmed.

At the March Term, 1887, of this court, held in said county, the plaintiff filed his petition for a new trial, which petition was continued into the present term. It is preferred on two grounds: first, that the report is against the evidence adduced at the trial; and second, that since the trial new evidence has been discovered, which would establish the fact that one pile

of wood sold to the defendant contained 64 cords instead of 58 cords, as found by the referees.

The rule relative to new trials has been clearly defined. When there is any conflict of evidence and any reasonable ground for doubt on the evidence which way the fact is, the finding of the trier of the fact is conclusive. " If the verdict can be supported upon any rational view of the evidence, it should stand ; and it never has been considered a sufficient ground for a new trial that the verdict is merely against a preponderance of the testimony, or that the court from a consideration and examination of the testimony might have arrived at a different result." *Weeks* v. *Barron*, 38 Vt. 420 ; *Hill* v. *New Haven*, 37 Vt. 501 ; *Westmore* v. *Sheffield*, 56 Vt. 239.

Having carefully examined the testimony filed in support of this petition, we are unable to find that there was no evidence to support the finding of the referees. The question was litigated before them whether or not Luke Tarbell sold and delivered the 419 cords of wood with the plaintiff's consent. The testimony of Luke tended to prove the affirmative of this issue. The testimony of Daniel tended to show that at a conversation in the mill-yard between himself, Luke and the plaintiff, it was agreed that he should sell the wood to the defendant, as he had a contract with the defendant and could do better with the wood than they could ; that a bill (Exhibit C) was afterwards handed to the plaintiff which apprised him of the fact that the wood had thus been sold by Daniel, who was to repay him for it in wood, and that the plaintiff made no objection thereto. We are unable to say that the finding of the referees on this question was so clearly against the weight of evidence as to warrant a new trial on that ground.

The newly discovered evidence is merely cumulative and is not of such a character as would be likely to make any substantial change in the result if a new trial were ordered ; besides, no sufficient reason is assigned for its not having been adduced at the trial before the referees. The petition therefore must be dismissed with costs.