JOSEPH LEBLANC ET AL.   *v.*   CONNECTICUT VALLEY LUMBER COMPANY.

April Term, 1910, at St. Johnsbury.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed May 23, 1910.

*Injunction—Restraining Entry of Judgment—Remedy at Law—Report of Referee—Court's Power to Reject.*

The power of the county court to reject the report of a referee for cause implies the power to conduct an inquiry as to the existence of an alleged cause, and hence a party against whom a referee has ren-

dered a report has an adequate remedy by resorting to the court that appointed the referee, and so cannot maintain a bill in equity for an injunction to restrain the taking of judgment on such report on the ground that the referee acted corruptly and fraudulently in the performance of his duties.

APPEAL IN CHANCERY, Essex County. Heard at Chambers, September 11, 1909, on demurrer to the bill. Demurrer sustained, *pro forma,* and bill adjudged insufficient and dismissed with costs. The orator appealed.

There are nine orators, and the bill alleges that they reside in the vicinity of Ottawa, in the Dominion of Canada; that on December 8, 1904, one Robert St. George, an employment agent at said Ottawa, in behalf of defendant, there employed the orators to go to North Stratford, N. H., and work for defendant during that winter as lumbermen at so much a month; that St. George furnished each orator with a railroad ticket from said Ottawa to North Stratford, N. H., where they at once went, and there were set to work by defendant in the woods, where they continued to work for about three months; that then, when they went to defendant's office in Wenlock in the unorganized town of Ferdinand, Vermont, to receive their pay, each was compelled to enter the office alone, and by defendant's agents, who were armed with revolvers, compelled to receive very much less than the amount of wages due under the agreement; that subsequently each of the orators brought suit against defendant to recover the balance due, and such proceedings were had in those suits that at the March Term, 1907, of Essex county court, they were all referred to a referee, who regularly tried the cases; that shortly after the hearing before him, the referee entered the employment of defendant, and continued therein till he made his report; that he entered into a conspiracy with defendant to render a report in favor of defendant contrary to the evidence, and allowed defendant's officers to dictate to him what he should report, regardless of the evidence; that after the referee filed his report, but as soon as orators' attorney learned that the referee was in defendant's employ, he moved the court to revoke the reference, which motion was denied; that thereupon said attorney moved the court to recommit the report, which was done as to certain matters, and as to certain of orators' requests for findings; that

the referee later filed his supplemental report, which was false and against the evidence in certain material and designated particulars, and made corruptly. And praying that defendant be enjoined from further proceedings in said cases, and that the court of chancery hear the evidence and determine the amount due each of the orators from defendant, and decree said referee's report to be void.

*Herbert W. Blake* for the orators.

The allegations of this bill which are conceded by the demurrer make a case of *extrinsic fraud*, which is proper for the cognizance of a court of equity, and not subject to the objections which were held fatal to the orators in *Sheldon* v. *Clemons,* 82 Vt. 169, and 72 Vt. 185, and *French* v. *Raymond,* 82 Vt. 156. In those cases the orators had their day in court, and although they were wrongfully defeated, there was no remedy for them; in this case, the defendant concedes that it, with its officers, agents and attorneys, conspired with the referee to deprive the orators of a fair and impartial hearing, and the orators consequently have never had their day in court, and never can have until the defendant is deprived of all benefit from its fraud. A court of equity which acquires jurisdiction for one purpose, will retain it for all purposes. *Vandyke & Drew* v. *Cole,* 81 Vt. 379; *Delaney* v. *Brown et al.,* 72 Vt. 348; *County of Essex* v. *Berry,* 2 Vt. 167; *Smith* v. *Lowry,* 1 Johns, C. R. 323; *Scoville* v. *Brock,* 79 Vt. 547; 16 Cyc. 249; *Cloyes et al.* v. *Middlebury Electric Co. et al.,* 80 Vt. 109.

*Harry B. Amey* for the defendant.

MUNSON, J. The report of a referee is to be accepted by the court "unless cause is shown to the contrary." P. S. 1793. If a report is not accepted the reference may be stricken off; and when the case is finally disposed of, on a further reference or a trial in court, the party recovering is to be allowed the taxable costs of the former reference. P. S. 1795. The power to reject a report for cause shown implies the power to conduct an inquiry as to the existence of an alleged cause. When a report is objected to for matters not appearing therein, the court may determine

the question upon evidence taken by affidavit. *Fuller* v. *Wright*, 10 Vt. 512; *Thayer* v. *Central Vt. R. R. Co.*, 60 Vt. 214, 13 Atl. 859. A charge that the referee has entered the service of one of the parties since his appointment, and has acted and will continue to act corruptly and fraudulently in the performance of his duties, is certainly proper for the consideration of a court which is authorized to accept his report, or to reject it and cancel the reference. We think the powers of the county court as above stated meet every objection suggested by the orators. Their remedy at law is complete and adequate. The matters complained of can be inquired into by the county court as well as by a master. If cause is shown, the judgment can be prevented by a rejection of the report as well as by a restraining order. With the report disposed of, a new hearing of the issue by another trier can be secured at law as well as in equity. An injunction here would serve merely to transfer the litigation from law to equity, and the process is not available for that purpose.

*Decree affirmed and cause remanded.*